# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **Great American Assurance Company,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO:** |
| **vs.** ) | |
| ) | |
| **Braddy Preparatory Academy, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Great American Assurance Company, Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment and Further Relief, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Great American Assurance Company ("Great American") is incorporated under the law of the State of Ohio, and its principal place of business is located in Cincinnati, Ohio. Great American is not a citizen of the State of Georgia wherein this action was brought. Great American submits itself to the jurisdiction of this Court.

1

2.

Defendant Braddy Preparatory Academy, Inc. ("Braddy Preparatory Academy") is incorporated under the law of the State of Georgia, and its principal place of business is located in Atlanta, Georgia.

3.

Great American shows that the amount in controversy in this case exceeds the sum of $75,000, exclusive of interests and costs. Great American further shows that this case is wholly between citizens of different states, and therefore, this Court has original jurisdiction under 28 U.S.C. § 1332. There is diversity of citizenship among the properly named parties.

4.

This action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question of actual controversy between Great American and the Defendant concerning Great American's respective rights and liabilities owed to the Defendant under the Policy.

5.

This Court has personal jurisdiction over Braddy Preparatory Academy. Braddy Preparatory Academy is incorporated under the law of the State of Georgia, and its principal place of business is located in Georgia. Furthermore, the controversy in this litigation arises out of real property located in Georgia.

6.

Jurisdiction and venue are proper in this Court.

**THE POLICY**

7.

Great American issued a policy of insurance, policy number PAC 006-23-14 - 04 ("the Policy"), providing certain blanket coverage to certain real property.

8.

A copy of the Policy, as amended per Braddy Preparatory Academy's request and issued on April 30, 2018, as well as a copy of the Declarations page, is attached hereto as Exhibit "A."

9.

Braddy Preparatory Academy, Inc. is the insured under the terms of the Policy.

10.

On or about April 27, 2018, Braddy Preparatory Academy, through its representative Lorraine Brooks, contacted its insurance broker, Powers-Leavitt Insurance Agency, Inc., requesting that the Policy be amended, in part, to add four (4) additional locations, consisting of a total of sixteen (16) buildings to the Policy.

11.

The sixteen additional buildings which Braddy Preparatory Academy sought to add to the Policy are located at 2517 Dodson Drive, East Point, Georgia 30344 (3 buildings), 2605 Ben Hill Road, East Point, Georgia 30344 (11 buildings), and 2640 Ben Hill, East Point, Georgia 30344 (2 buildings). (All referred to cumulatively as "East Point Campus").

12.

Braddy Preparatory Academy represented to its insurance broker that the East Point Campus was a new location of Braddy Preparatory Academy.

13.

Before the East Point Campus was added to the Policy, Ms. Brooks advised Gizela Evans of their insurance broker that all of the sixteen buildings at the East Point Campus were occupied and being utilized by Braddy Preparatory Academy.

14.

The information provided by Ms. Brooks of Braddy Preparatory Academy to its agent and broker, Powers-Leavitt Insurance Agency, Inc., regarding the use and occupancy of the East Point Campus, was submitted to Great American in conjunction with an application for coverage of the East Point Campus.

15.

Braddy Preparatory Academy's insurance broker relayed information in conjunction with the application for coverage to Great American that the buildings at the East Point Campus were occupied and in use.

16.

Based on the representations of Braddy Preparatory Academy made on its behalf by its insurance broker, including but not limited to the representation that

all buildings at the East Point Campus were in use and occupied, Great American amended the Policy to provide coverage for the East Point Campus.

17.

Gizela Evans is an employee of Powers-Leavitt Insurance Agency, Inc., the agent and insurance broker for Braddy Preparatory Academy.

## **THE CLAIM**

18.

Great American incorporates by reference the allegations set forth in Paragraphs 1 through 17 of the Complaint and re-alleges same as if fully set forth herein.

19.

On August 9, 2018, Braddy submitted an insurance claim with Great American alleging that multiple buildings at the East Point Campus had been damaged by a storm on or about August 2, 2018.

20.

On August 10, 2018, Great American attempted to contact Braddy Preparatory Academy regarding the loss.

21.

After several unsuccessful attempts, Great American made contact with Ms. Brooks, and she referred Great American to Dr. Rodrick Frazier as the point of contact regarding the Loss. Great American appointed and provided Braddy Preparatory Academy with the contact information for its local field adjustor, Ty Whitaker. Great American informed Braddy Preparatory Academy that Great American needed to schedule an inspection of the East Point Campus as soon as possible.

22.

Before providing Great American with a list of the allegedly damaged buildings, Braddy Preparatory Academy hired a contractor who subsequently inspected the damage to the East Point Campus.

23.

On August 13, 2018, Braddy Preparatory Academy provided a list of fourteen (14) buildings which they claimed had been damaged. The list did not

include any information regarding the scope and nature of the damage being claimed by Braddy Preparatory Academy.

24.

On August 15, 2018, Mr. Whitaker visited the East Point Campus to inspect the exterior and the interior of the buildings. He was informed by Dr. Frazier that Dr. Carroll Braddy, Braddy Preparatory Academy's CEO, would not allow any inspections of the inside of any of the buildings. Thus, Great American's inspection of the East Point Campus was delayed, as Mr. Whitaker was only allowed to inspect the outside of the buildings.

25.

On August 17, 2018, Great American sent a correspondence to Dr. Frazier, as the designated contact for Braddy Preparatory Academy, requesting to discuss the loss. Great American did not receive a response from Dr. Frazier on or after August 17, 2018.

26.

On or about August 21, 2018, Braddy Preparatory Academy retained the services of a public adjustor, Russ Hart, as its representative in handling the claim.

27.

To address questions regarding the claimed damages to the East Point Campus, Great American retained an engineer to assist in determining the scope and cause of the damage.

28.

On August 22, 2018, Mr. Whitaker and the engineer inspected the East Point Campus, but they were not allowed to inspect all buildings. Mr. Whitaker requested to see the interior of all buildings on the property, but Braddy Preparatory Academy, through its public adjustor Mr. Hart, advised that no claim was being pursued for a number of the buildings, thus the inspection of the entire property was not allowed.

29.

During the inspection, Mr. Whitaker requested that Braddy Preparatory Academy provide additional information regarding precisely what loss it was claiming, including the details of damages and the date of loss, so that Great American could complete the claims investigation process.

30.

Great American also requested the report and findings from Braddy Preparatory Academy's contractor.  Braddy Preparatory Academy never provided

Great American with any report or findings from its contractor, nor any additional information regarding the loss, as had been requested.

31.

During its investigation of the claim, Great American uncovered that the buildings at the East Point Campus were not in use or occupied.

32.

The buildings at the East Point Campus were not being utilized by Braddy Preparatory Academy and were vacant at the time of the investigation arising out of the claim, and they had been unoccupied and vacant since before the inception of Great American's coverage period.

33.

The Library at the East Point Campus was not being used in conjunction with the business enterprise of Braddy Preparatory Academy, but instead, upon information and belief, it may have been used at some point in conjunction with other limited purposes, such as a political campaign.

34.

After Braddy Preparatory Academy's failure to provide Great American with sufficient information necessary to make a threshold assessment of the scope

and nature of the damage being claimed, Great American utilized the formal mechanisms set forth in the Policy to obtain the information it needed.

35.

The Policy provides in pertinent part:

3. *Duties in the Event of Loss of Damage*

   a. *You must see that the following are done in the event of loss or damage to covered property:*

   *\*\*\*\*\**

   *(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.*

   *Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.*

   *(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*

   *(8) Cooperate with us in the investigation or settlement of the claim.*

   b. *We may examine any insured under oath, while not in the presence of any other insured and at such times as maybe reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.*

(Exhibit A, Page 56).

36.

On September 18, 2018, in accordance with the terms of the Policy, Great American requested the Examination Under Oath of Braddy Preparatory Academy representatives, with associated requests for information. On that same day, Great American requested that Braddy Preparatory Academy submit a Sworn Statement in Proof of Loss, a blank copy of which was provided to Braddy Preparatory Academy's representative and public adjustor, Russ Hart, that same day.

37.

On September 18, 2018, through its public adjustor Russ Hart, Braddy Preparatory Academy informed Great American that it would not cooperate with Great American's request and would not provide a Sworn Statement in Proof of Loss.

### COUNT ONE – DECLARATORY JUDGMENT – RESCISSION

38.

Great American incorporates by reference the allegations set forth in Paragraphs 1 through 37 of this Complaint and re-alleges the same as if fully set forth herein.

39.

Application misrepresentation is codified under O.C.G.A. § 33-24-7, which provides:

> *(a) All statements and descriptions in any application for an insurance policy or annuity contract or in negotiations for such by or on behalf of the insured or annuitant, shall be deemed to be representations and not warranties.*
>
> *(b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:*
>
> *(1) Fraudulent;*
>
> *(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or*
>
> *(3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.*

40.

Under O.C.G.A. § 33-24-7(b), an insurer must prove only one of the three elements in order to rescind the policy based on application misrepresentation.

41.

Braddy Preparatory Academy provided its insurance broker with information that all buildings at the East Point Campus were being utilized and were occupied.

42.

Acting as an agent of Braddy Preparatory Academy, Ms. Evans represented to Great American that all buildings at the East Point Campus were being utilized and were occupied.

43.

The information provided to Great American regarding the use and occupancy of the East Point Campus was a misrepresentation, contained omissions, concealment of facts, or incorrect statements.

44.

A misrepresentation, omission, concealment of fact, or incorrect statement is "material" if it is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance. Sentry Indemnity Co. v. Brady, 153 Ga. App. 168, 170, 264 S.E.2d 702, 703-704 (1980).

45.

Ms. Evans of Powers-Leavitt Insurance Agency, Inc. submitted information in conjunction with the application for coverage with Great American in reliance upon and including Braddy Preparatory Academy's misrepresentations, omissions, concealment of facts, or incorrect statements regarding the use and/or occupancy of the East Point Campus.

46.

If Ms. Evans of Powers-Leavitt Insurance Agency, Inc. had been correctly informed that all of the buildings at the East Point Campus were not being utilized or occupied by Braddy Preparatory Academy, or were vacant, she would not have submitted an application for coverage to Great American, because it was known by her that Great American would not have issued coverage.

47.

Great American issued coverage for the East Point Campus of Braddy Preparatory Academy in reliance upon the information provided by Powers-Leavitt Insurance Agency, Inc. to Great American which included Braddy Preparatory

Academy's misrepresentations, omissions, concealment of facts, or incorrect statements regarding the use and occupancy of the East Point Campus.

48.

The use, occupancy or vacancy of a risk are factors which influence Great American in determining whether or not to accept the risk, or in fixing the amount of premium in the event of acceptance of a risk.

49.

If Great American had been accurately informed that the East Point Campus was not being utilized, occupied and was vacant, it would not have accepted the risk and provided the coverage at the premium established.

50.

The misinformation provided to Great American by the agent for Braddy Preparatory Academy was material to the acceptance of the risk and/or to the hazard assumed by Great American.

51.

Great American is entitled to rescind the Policy.

52.

Therefore, an actual controversy exists between the parties and Great American requests declaration that it be permitted to rescind the Policy pursuant to O.C.G.A. § 33-24-7.

53.

In anticipation of the rescission of the Policy, and in compliance with Georgia law, Great American has stated the intent to request permission from the Court to pay an amount equivalent to a refund of the full premium for the East Point Campus into the Registry of the Court pending the Court's decision.

**COUNT TWO – DECLARATORY JUDGEMENT – BREACH OF DUTIES AFTER LOSS**

54.

Great American incorporates by reference the allegations set forth in Paragraphs 1 through 53 and re-alleges same as if fully set forth herein.

55.

Despite the unambiguous duties following a loss set forth in the Policy and pointed out in correspondence to Braddy Preparatory Academy, Braddy

Preparatory Academy failed to cooperate with the investigation of the claim and refused to submit a Sworn Statement in Proof of Loss.

56.

Because Braddy Preparatory Academy has failed to comply with its contractual obligations and duties specified by the Policy as a requirement of an insured following a loss, it has failed to cooperate with Great American in its investigation of the loss, and therefore, Braddy Preparatory Academy is in breach of the Policy.

57.

As a result of Braddy Preparatory Academy's failure to cooperate and comply with its duties after loss, Great American has been impaired in completing its investigation of the claim.

58.

If it is determined that Great American is not entitled to rescind the Policy pursuant to O.C.G.A. § 33-24-7, no coverage is owed by Great American because of Braddy Preparatory Academy's breach of the Policy.

59.

In light of Braddy Preparatory Academy's conduct in breach of the Policy, the outstanding issues are unlikely to be resolved without judicial intervention.

60.

An actual controversy exists between the parties and Great American requests a declaration that there is no coverage as a result of Braddy Preparatory Academy's failure to comply with its contractual duties after loss and its refusal to submit a Proof of Loss as requested by Great American.

61.

Based upon the facts set forth above, an actual controversy exists between Great American and Braddy Preparatory Academy with respect to the rights, duties, and obligations regarding the pending claim for damages and the provisions for coverage as are set forth in the Policy. Accordingly, Great American is in a position of uncertainty with respect to the rights of the parties, and requests a declaration that appraisal is not appropriate avenue to resolve the dispute between the parties.

Great American's Complaint thus sets forth issues requiring relief by declaratory judgment.

WHEREFORE, Great American respectfully requests and prays:

(1) That process issue and that Braddy Preparatory Academy be served with the Complaint for Declaratory Judgment as provided by law; and

(2) That this Court issue an order discharging Great American from any and all liability for insurance proceeds as a result of Braddy Preparatory Academy's breach of contract and application misrepresentation.

Respectfully submitted 29th day of October, 2018.

DREW ECKL & FARNHAM, LLP

s/ H. Michael Bagley
H. MICHAEL BAGLEY
Georgia Bar No. 031425
Attorney for Great American
Drew, Eckl & Farnham, LLP
303 Peachtree Street NE
Suite 3500
Atlanta, GA  30308
Telephone: (404) 885-1400
Fax: (404) 876-0992
Email: BagleyM@deflaw.com

Counsel certifies that this pleading complies with Local Rule 5.1.
The type is Times New Roman, 14 point.