January 25, 2019

Honorable Thomas W. Thrash, Jr.
Chief United States District Judge
2188 Richard B. Russell Federal Building
United States Courthouse
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309

    RE:   Case 1:18-cv-04974-TWT
            Objection to Motion to Withdraw

By this correspondence, I hereby object to the Motion to Withdraw as Counsel for Braddy Preparatory Academy filed by Remington Huggins, Michael Turner and The Bush Law Group LLC (hereinafter "Motion"). We object to the withdrawal for the following reasons:

1. Braddy Preparatory Academy did not consent to the withdrawal as indicated in counsel's Motion;

2. Braddy Preparatory Academy will be significantly harmed by the withdrawal as we are unable to retain counsel at this stage in the proceeding who can prepare an appropriate defense without significant delay, due to the nature of the action as well as the voluminous documents previously filed in the case;

3. Braddy Preparatory Academy believes that the Motion is retaliatory in nature as a result of our request that counsel be responsive to emails, court filings and other communication attempts. We have made several calls and

received little to no follow up. Opposing counsel mailed correspondence regarding the above-referenced matter to Remington Huggins and The Bush Law Group, LLC on November 26, 2018, however, we were not provided with a copy of, or made aware of the correspondence until January 2, 2019. See Exhibit "A" attached, a copy of the correspondence we received.

4. On January 7, 2019, we received a phone call from Attorney Michael Turner and Attorney Remington Huggins. Although I expected to discuss what counsel informed me was a "court mandated" conference, which counsel informed me was ordered to take place on January 4, 2018, however, this is not what occurred. Instead I was told that we had reached an impasse and that, Braddy Preparatory Academy needed to find other representation. I informed both counsel that it was not my intention to seek new counsel in the middle of the matter and that, my concern was the lack of communication and not providing our school with correspondence. I stated that we never met in person, and reminded them that they had previously stated that we would meet in person. Counsel however, insisted that they withdraw from the case. The entire conversation lasted approximately five (5) minutes, and Attorney Huggins indicated he had to return to a jury trial. I requested that they at least provide me an email so that I could respond in writing regarding this conversation. Counsel responded with an email

stating that they were withdrawing from the case with my consent. I replied in writing that I did not request that they withdraw, and that Braddy Preparatory Academy did not consent to the withdrawal.

5. There are currently pending motions in the case that may dispose of the matter. We request that counsel remain on the case at least until these motions are ruled upon.

6. The retainer fee requested by counsel was paid in full. Counsel did request additional retainer funds prior to filing the Motion to Withdraw but subsequently advised us not to send any additional monies.

As such, Defendant Braddy Preparatory Academy, Inc. objects to the Motion to Withdraw as Counsel filed by Remington Huggins, Michael Turner and the Bush Law Group, LLC.

Sincerely,

C. Harrison Braddy, CEO
Braddy Preparatory Academy,
Defendants

# Exhibit A

From: Remington Huggins <jrhuggins@bushlawgroup.net>
Sent: Wednesday, January 2, 2019 3:39 PM
To: Georgia Doctors <georgiadoctors@yahoo.com>
Cc: Michael D. Turner <mdturner@bushlawgroup.net>; Lynn Ward <clward@bushlawgroup.net>
Subject: Great American v. Braddy Prep (Case and retainer update)

Dr. Braddy,

I hope you had a great holiday season and New Year celebration. I wanted to provide you with an update on your case against Great American.

First, please see the attached invoice for legal services rendered in the past 45-days. As you will notice, the firm exceeded the $7,500.00, retainer provided by Braddy Prep because of the amount of hours spent on your case. Although, there is a balance due of $625.00, I will discuss with accounting to remove the remaining $625.00 balance to $0.00.

Second, on December 25, 2016, we received Plaintiff's Response to our Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment or in the Alternative to Stay Litigation. I've attached a copy of the Response to this email.

Third, we have a court-mandated conference with opposing counsel regarding deadlines for discovery this Friday. This means discovery will commence in this matter within a week or so.

Where we go from here is up to you. We can file a Reply to Plaintiff's Response to the Motion to Dismiss, or let the Court decide on it as is. We can draft and send discovery requests; depose the adjuster, engineer, and internal claims representatives; and engage in further motion practice once discovery closes. In order to do this, however, we require an additional retainer. **The firm needs to know your intentions on how to proceed ASAP, as time is of the essence. Please provide us in writing how you would like the firm to proceed.** If you wish for the firm to continue representing you in this matter, please provide The Bush Law Group with an additional retainer of $7,500.00 by **Friday, January 5, 2019**. Otherwise, we will be unable to continue our representation of your case.

If you have any questions, please let us know. Thanks, and I look forward to hearing from you soon.

**Remington Huggins, Esq.**

The Bush Law Group, LLC

3295 River Exchange Dr., Suite 216

Norcross, GA

Office: (678) 916-1600

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify us immediately by return e-mail. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender. The typewritten signature included with this e-mail is not an electronic signature within the meaning of Electronic Signatures in Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State.



**DREW | ECKL FARNHAM**
ATTORNEYS AT LAW

H. Michael Bagley
(404) 885-6415
mbagley@deflaw.com

November 26, 2018

Remington Huggins
Michael D. Turner
The Bush Law Group
3295 River Exchange
Suite 216
Norcross, GA 30092

    RE:   ***Great American Assurance Co. v. Braddy Preparatory Academy, Inc.***
           USDC, NDGA Civil Action No.: 1:18-cv-04974-TWT

Dear Remington & Michael:

    I want to alert you to something about which you may not be aware.

    Prior to your retention as counsel in this matter, your client had retained the services of public adjuster Russ Hart. Mr. Hart has continued to make contact with my client as late as last week, as though he was unaware of either the declaratory judgment action or your representation. My client's only communication with him has been to advise him of your representation on behalf of Braddy Preparatory Academy and request that all communications go through counsel. I assume you are in agreement. Copies of pertinent communications are attached.

    You should also be aware that Mr. Hart has placed Great American on notice of two additional dates of loss: October 15, 2018 (uncertain date and description, but possible vandalism) and November 16, 2018 (tree claim).

    The pending declaratory judgment action will impact these claims, and consequently, I wanted to be certain that you are aware of them. Great American is willing to inspect the damages related to these claims and believes that information will almost certainly be useful to both parties as the issues move towards resolution, but Great American will proceed only with the agreement of the insured that all rights are reserved and no action or inaction related to these

Remington Huggins
Michael D. Turner
Re: Braddy Preparatoy Academy
November 26, 2018
Page 2

---

claims should be considered a waiver of any right. Great American has requested that I work with you in coordination, if your client is in agreement.

      I look forward to your reply.

                        Very truly yours,

                        DREW, ECKL & FARNHAM, LLP

                        H. Michael Bagley

HMB/β

# CERTIFICATE OF SERVICE

I hereby certify that I have this day emailed on January 28, 2019 a copy of the foregoing **LETTER OF OBJECTION** to **MOTION TO WITHDRAWAL AS COUNSEL filed by** Remington Huggins, Michael Turner and The Bush Law Group, LLC. with the Clerk of Court.

_____
C. Harrison Braddy, CEO
Braddy Preparatory Academy, Inc.

SUBSCRIBED AND SWORN BEFORE
ME ON THIS THE 28 DAY OF January, 2019

_____
NOTARY PUBLIC

My Commission Expires:
September 19, 2020